**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher G White, | No. CV-23-00180-TUC-JCH |
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| M. Gutierrez, | |
| Respondent. | |

On August 27, 2024, the Court received a letter from Petitioner dated August 10, 2024 (Doc. 1). In the letter, Petitioner disagrees with the Court's decision to deny his Petition for Writ of Habeas Corpus. *Id.* The Court will construe Petitioner's letter as a Motion for Reconsideration of the Court's July 8, 2024 Order denying Petitioner's Petition for Writ of Habeas Corpus and dismissing this action (Doc. 19). For the reasons set forth below, the Court will deny the Motion for Reconsideration.

**I.     Procedural Background**

Magistrate Judge Eric J. Markovich's Report and Recommendation ("R&R") provides a detailed account of the facts in this matter, which are mostly uncontested by Petitioner.[1] *See* Doc. 18 at 1–7. Petitioner is currently serving a 360-month sentence with a projected release date of November 11, 2041. *Id.* at 2; Doc. 12 at 1–2. The Petition centers on an incident where Petitioner forcefully hit his head against a wall, creating a laceration

---

[1] Petitioner argues he was released from suicide watch on July 3, 2022, instead of July 6, 2022. Doc. 21 at 1; *but see* Doc. 18 at 4. This factual discrepancy is one basis for Petitioner's disagreement with the Court's denial of his Petition and is addressed below.

to his forehead. Doc. 18 at 3. As a result, Petitioner lost 27 days of good time credits for violating the prison's prohibition against tattooing/self-mutilation. *Id.* at 6. Petitioner argues he is innocent of the tattooing/self-mutilation charge because he was attempting suicide and urges the Court to reverse the finding of guilt and return his 27 days of good time credit. *Id.* at 2.

On May 28, 2024, Judge Markovich issued an R&R recommending this Court deny the Petition. *Id.* at 15. As outlined in the R&R and pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, Petitioner had 14 days to file a written objection to the R&R. *See* Doc. 18 at 15. Petitioner did not file an objection, and on July 8, 2024, this Court issued an order adopting the R&R in full, denying the Petition, and dismissing the case. Doc. 19. On August 27, 2024, nearly three months after the R&R was issued and more than seven weeks after the Court's order, Petitioner filed this Motion for Reconsideration. Doc. 21.

**II.    Analysis**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020). "A district court generally should not grant a Rule 59(e) motion in the absence of 'newly discovered evidence,' 'clear error,' or 'an intervening change in the controlling law.'" *Id.* (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is inappropriate to use a motion for reconsideration to ask the Court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal quotation omitted). Absent good cause, a motion for reconsideration must be filed within 14 days of the order that is the subject of the motion. L.R. Civ. 7.2(g)(2). Though Petitioner has not presented good cause for waiting more than six weeks to file this Motion, the Court will exercise its discretion and analyze the Motion on its merits.

Petitioner's Motion for Reconsideration is one page and presents two arguments. *See* Doc. 21. First, Petitioner reiterates his stance that he should not be punished for trying

to commit suicide. *Id.* His primary basis for this argument is that the Disciplinary Hearing Officer ("DHO") who conducted his disciplinary hearing, DHO Estrada, did not abide by the Central Office Psychology Services Branch's stance against the use of sanctions for self-injurious behavior. *Id.*; *see also* Doc. 18 at 4–6. Second, Petitioner argues he was released from suicide watch on July 3, 2022, not July 6, 2022, and as such, his July 12, 2022 Unit Discipline Committee ("UDC") hearing was untimely. Doc. 21. Petitioner raises no newly discovered evidence or change in intervening law, so the Court will construe Petitioner's arguments as an allegation of clear error.

### A. Actual Innocence

A court commits clear error by applying an "erroneous view of law." *Faile v. Upjohn Co.*, 988 F.2d 985, 987 (9th Cir 1993) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405–06 (1990)). Petitioner claims that because he intended to kill rather than mutilate himself, he is innocent of the tattooing/self-mutilation charge. Doc. 18 at 10–11. While the Supreme Court has not explicitly addressed whether a prisoner would be entitled to relief based on a freestanding claim of actual innocence, it has indicated the threshold would be "extraordinarily high," and the showing would need to be "truly persuasive." *Carriger v. Stewart,* 132 F.3d 462, 476 (9th Cir. 1997) (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993) (O'Connor, J. concurring)); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

As explained in the R&R, Petitioner's argument rests on the note, written by Dr. Hermosillo, the psychiatrist who evaluated Petitioner prior to his disciplinary hearing, stating "Central Office Psychology Services does not support the use of sanctions for self-injurious behavior, and recommends the use of treatment intervention to address behavior." Doc. 18 at 4, 11–12. Petitioner's reliance on this statement ignores Dr. Hermosillo's specific finding that Petitioner was competent and responsible for his actions at the time of the incident and recommendation that Petitioner "proceed with the disciplinary process and receive sanctions deemed appropriate by the DHO." Doc. 18 at 11 (citing Doc. 12, Ex. A). Given this recommendation coupled with the "extraordinarily high" standard for an actual

innocence claim to sustain habeas relief, the Court did not commit clear error in finding Petitioner's actual innocence claim fails.

### B. Untimely Disciplinary Hearing

In Petitioner's second argument, he raises for the first time that he was released from suicide watch on July 3, 2022, making his July 12, 2022 UDC hearing untimely. Doc. 21 at 1.[2] A motion for reconsideration that presents matters being brought to the Court's attention for the first time must specify the reasons they were not presented earlier. L.R. Civ. 7.2(g); *see also Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration "may *not* be used to raise arguments . . . for the first time when they could reasonably have been raised earlier"). Here, Petitioner does not provide a reason for not presenting this argument prior to his Motion for Reconsideration, but this claim fails even if analyzed on its merits.

While Petitioner claims he was released from suicide watch on July 3, 2022, Doc. 1 at 4; Doc. 21, the Petition includes supporting documentation stating he was released from suicide watch on July 6, 2022. *See* Doc. 1 at 16.[3] However, even if the Court assumes that Petitioner was released on July 3, 2022, he still has no constitutional claim.

Petitioner's claim seems to rely on the Bureau of Prisons ("BOP") Program Statement, which provides that the UDC will ordinarily review an incident report within five days after it is issued and advise the inmate of the delay and reason for the delay if review is not completed within five days. U.S. Dep't of Just., BOP Program Statement No. 5270.09 CN-1, Chapter 4, § 541.7. The BOP's own guidelines, however, do not

---

[2] In his Regional Administrative Remedy Appeal, Petitioner makes a related argument that, contrary to BOP documentation stating the incident report was delivered to Petitioner on July 6, 2022, *see* Doc. 1 at 16, he actually received the incident report on another, indistinguishable date, "[s]howing [his] UDC was untimely." Doc. 1 at 13. Petitioner did not raise this argument again in his Petition or Reply.

[3] Although Petitioner only provides one attachment that specifically documents the date he was removed from suicide watch, there are several instances of inconsistent dates recorded throughout the BOP appeals documentation. *Compare* Doc. 1 at 10 (psychological evaluation report dated July 5, 2022), *with* Doc. 1 at 16 (stating the psychological evaluation was completed on July 6, 2022), *and* Doc. 1 at 15, 17 (stating an incident report was delivered to Petitioner on July 3, 2022), *with* Doc. 1 at 16 (stating an incident report was delivered to Petitioner on July 6, 2022). Some of these dates tend to support Petitioner's claim that he was released on July 6, 2022, but the variation in documentation prevents the Court from discerning a definitive timeline.

- 4 -

determine the scope of due process protections owed to inmates under the Constitution. As stated in the R&R, due process in the prison discipline context requires that a prisoner receive written notice of the charges, reasons for those charges, and facts supporting those charges to "enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564–65 (1974); *see also* Doc. 18 at 12–13. Due process further requires that the inmate be "allowed to call witnesses and present documentary evidence in his defense" unless such allowance would be unduly hazardous. *Wolff*, 418 U.S. at 566. Petitioner received these protections. *See* Doc. 18 at 3–5. Consequently, Petitioner claims not that the UDC or USP-Tucson violated his constitutional rights, but that they violated BOP policy. This does not create a cause of action reviewable by a federal court. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011) ("The BOP's purported violation of its own program statement simply is not a violation of federal law such that the district court would have jurisdiction to review [it]."); *see also McRae v. Blanckensee*, No. CV-20-00427, 2021 WL 5088824, at *7–8 (D. Ariz. May 20, 2021) (dismissing for lack of jurisdiction a petitioner's due process claim because the BOP's own policy that a prisoner receive a disciplinary report within a certain number of days is not a constitutional requirement).

The Court could not have committed clear error by not considering an argument that Petitioner failed to raise. But also, consideration of the argument on its merits shows that even if Petitioner properly raised the claim and illustrated the disciplinary process failed to abide by the BOP's self-imposed timeline, an untimely hearing is outside of constitutional protections and not a basis for action by this Court.

Accordingly,

**IT IS ORDERED DENYING** Petitioner's Motion for Reconsideration (Doc. 21). This case shall remain closed.

Dated this 9th day of October, 2024.

John C. Hinderaker
United States District Judge